**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Regina M. Rodriguez**

Civil Action No. 25-cv-03788-RMR

GUAN HUANG,

Petitioner,

v.

MARKWAYNE MULLIN,[1] Secretary of the United States Department of Homeland Security;
TODD BLANCHE,[2] Acting United States Attorney General;
TODD LYONS, Acting Director of United States Immigration and Customs Enforcement;
GEORGE VALDEZ, Acting Denver Field Office Director, U.S. Immigration and Customs Enforcement, Department of Homeland Security;
JUAN BALTAZAR, Warden, Denver Contract Detention Center;
UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and
UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner Guan Huang's Motion for Attorney's Fees, ECF No. 28. Respondents filed a Response, ECF No. 29. For the following reasons, the Motion is GRANTED IN PART and DENIED IN PART.

In November 2025, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging the legality of his continued civil immigration

[1] Markwayne Mullin, the Secretary of the Department of Homeland Security, is automatically substituted as a party in his official capacity, in accordance with Federal Rule of Civil Procedure 25(d).
[2] Todd Blanche, the acting U.S. Attorney General, is hereby automatically substituted as a party in his official capacity, in accordance with Federal Rule of Civil Procedure 25(d).

detention. ECF No. 1. The Court granted the Petition and ordered Respondents to provide Petitioner with a bond hearing. ECF No. 14. An immigration judge held a bond hearing on March 25, 2026, and bond was denied. ECF No. 26. Final judgment entered in Petitioner's favor on March 30, 2026. ECF No. 27. Petitioner now moves for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $7,223.95. ECF No. 28 at 3.

Under the EAJA, a court "shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The Tenth Circuit has held that "habeas actions challenging immigration detention are unambiguously 'civil actions.' " *Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025). Thus, Petitioner is entitled to recover his attorneys' fees incurred in these habeas proceedings "if (1) the petitioner is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Morales Lopez v. Baltazar*, 834 F. Supp. 3d 1193, 1201 (D. Colo. 2026) (quoting 28 U.S.C. § 2412(d)(1)(A)).

Respondents do not dispute that Petitioner is a prevailing party. Rather, they oppose the Motion on the grounds that their position was substantially justified. ECF No. 29 at 1. Alternatively, if the Court determines that a fee award is appropriate, Respondents argue the Court should reduce the fee amount. *Id.* at 1-2.

**A. Substantially Justified**

The Government bears the burden of showing that its legal position was substantially justified. *See Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). To determine whether the government's position was substantially justified, courts must look at the "totality of the circumstances, as reflected in the record before the court." *United States v. Charles Gyurman Land & Cattle Co*., 836 F.2d 480, 485 (10th Cir. 1987). "While the parties' postures on individual matters may be more or less justified," courts should treat the case "as an inclusive whole, rather than as atomized line-items." *Commissioner, Immigr. & Naturalization Serv. v. Jean*, 496 U.S. 154, 161–62 (1990). "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Gilbert*, 45 F.3d at 1394. Additionally, the government's prelitigation actions and litigation position "are both relevant to the inquiry and both must be reasonable in fact and law." *Al-Maleki v. Holder*, 558 F.3d 1200, 1207 (10th Cir. 2009) (citation omitted).

Here, the Government has failed to show that its legal position in this case—that 8 U.S.C. § 1225(b), not section 1226(a), governed Petitioner's detention—was substantially justified. Indeed, other judges in this district have held that the Government's reliance on section 1225 was not substantially justified for EAJA purposes. *See, e.g.*, *Morales Lopez v. Baltazar*, 834 F. Supp. 3d 1193, 1205 (D. Colo. 2026); *Alarcon v. Baltazar*, No. 1:26-CV-00183-RBJ, 2026 WL 2085614, at *3 (D. Colo. July 17, 2026). In *Morales Lopez,* Judge Martínez concluded that the Government's reliance on § 1225 lacked substantial justification because "it is based on an abrupt, 'revised' interpretation of the relevant sections of the INA in July 2025, seemingly in an effort to accomplish the

current administration's policy objectives—namely, meeting mass deportation quotas." *Morales Lopez*, 834 F. Supp. 3d at 1205. "This 'new understanding' of a decades-old statute has resulted in the government detaining hundreds of thousands of nonviolent individuals, often without due process or other constitutional protections." *Id.* (quoting *Salazar v. Noem*, 2026 WL 594606, at *1 (D. Neb. Mar. 3, 2026)). As Judge Martínez explained, "the Government's reckless mass detention campaign has resulted in these individuals being forced to file thousands of habeas corpus petitions in federal courts across the country, dramatically increasing the already over-burdened caseloads of federal district and circuit courts across the land." *Id.*

After the decision in *Morales Lopez*, the Tenth Circuit held in *Santillan Quiroz v. Mullin* "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th 1226, 1237 (10th Cir. 2026). The Tenth Circuit characterized the Government's position (the same position Respondents took here) as "a new and novel reading of old statutes" that reversed the long-held understanding that "§ 1225 generally applies at the border while § 1226 applies in the country's interior." *Id.* at 1233-35. It further cautioned that "[a]dopting the Government's interpretation of § 1225(b)(2)(A) would pose grave constitutional problems because there is little justification, let alone a strong one, for detaining every one of the millions of unadmitted noncitizens in our country." *Id.* at 1249. In reaching its holding, the Tenth Circuit emphasized that "[t]he Supreme Court has repeatedly rejected ahistorical and strained readings of old statutes to justify expansive executive power." *Id.* (citations omitted).

Nevertheless, Respondents argue that the Fifth and Eighth Circuits have agreed with Respondents' position. ECF No. 29 at 4. But contrary "authority does not foreclose [the Court's] holding that the Government's position lacks substantial justification." *Morales Lopez*, 834 F. Supp. 3d at 1204. Indeed, while the Fifth and Eighth Circuits may have adopted Respondents' view, the overwhelming majority of the circuits (the remaining numbered circuits) have rejected that view. *Guerrero Orellana v. Moniz*, 188 F.4th 1 (1st Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 73 (2d Cir. 2026); *Buele Morocho v. Warden Phila. FDC*, --- F.4th ----, 2026 WL 2546223, at *7 (3d Cir. Aug. 28, 2026); *Lopez Garcia v. Guadian*, --- F.4th ----, 2026 WL 2661092, at *1 (4th Cir. Sept. 10, 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026); *Santillan Quiroz*, 180 F.4th at 1237; *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1262 (11th Cir. 2026). *But see Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). Moreover, in *Santillan Quiroz,* the Court acknowledged these contrary decisions and explained that "[t]he Fifth and Eighth Circuits . . . paid scant attention to the problem in their opinions adopting the Government's position." *Santillan Quiroz*, 180 F.4th at 1242.

Given this landscape, the circumstances of Petitioner's detention support the conclusion that Respondents' position lacked substantial justification. Although Border Patrol initially encountered Petitioner near the border, the Government released him on his own recognizance on October 2, 2024. *See* ECF No. 11-1 at 3. And the Notice to Appear designated him as an alien present in the United States who had not been

admitted or paroled, rather than an arriving alien. *See* ECF No. 2 at 5. As the Court explained in its Order granting the Petition, the declaration submitted by Respondents confirmed Petitioner's release on recognizance, and none of the forms issued to him referred to parole into the United States. ECF No. 14 at 4-5. Thus, the Court concluded "Petitioner was on de facto conditional parole under 8 U.S.C. § 1226(a) . . . ." *Id.* at 5. Nearly nine months after his release, Petitioner was detained at a check-in appointment, rather than while seeking entry. ECF No. 1 at 5. Nevertheless, Respondents maintained that Petitioner's status as an "applicant for admission" subjected him to mandatory detention under § 1225(b)(2)(A). ECF No. 11 at 9. That position disregarded the statutory framework under which Petitioner had already been released and rested on the revised statutory interpretation that was rejected in *Morales Lopez* and *Santillan Quiroz*.

The Court recognizes that *Santillan Quiroz* postdates the parties' briefing but finds that its reasoning reinforces the significance of the circumstances that already existed when Respondents took their legal position: Petitioner had been released under § 1226(a) and was later detained; he was not detained while seeking entry. Considering the totality of the circumstances, the Court concludes that Respondents have not met their burden of establishing substantial justification. Accordingly, Petitioner is entitled to an award of attorneys' fees under the EAJA.

**B. Fee Amount**

Having concluded that Petitioner is entitled to an award of fees under the EAJA, the Court considers the appropriate amount. The EAJA permits an eligible prevailing party to recover "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). "The

initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate," also called a lodestar calculation. *Taylor v. Colvin*, 2015 WL 2375907, at *2 (D. Colo. 2015); *see also Scherffius v. Astrue*, 296 F. App'x 616, 619 (10th Cir. 2008). The party seeking the award bears the burden of persuading the Court that the amount is reasonable. *Taylor*, 2015 WL 2375907, at *2. But the determination of attorney's fees is ultimately discretionary, especially given the district court's close understanding of the litigation and desire to avoid frequent appellate review of factual matters. *Rocky Mountain Wild v. Vilsack*, No. 09-cv-01272-WJM, 2013 WL 3233573, at *4 (D. Colo. 2013).

Petitioner seeks fees for 27.95 total hours of work at an hourly rate of $258.45 for a total of $7,223.95. Respondents do not meaningfully challenge the reasonableness of the hourly rate, and the Court finds it reasonable. *Alarcon v. Baltazar*, No. 1:26-cv-00183-RBJ, --- F. Supp. 3d ----, 2026 WL 2085614, at *4-5 (D. Colo. July 17, 2026) (finding $261.12 was reasonable hourly rate in EAJA context after adjusting statutory cap for inflation and using Consumer Price Index).

However, as to the requested, the Court agrees with Respondents that some of the 27.95 total hours are unreasonable and must be reduced. Respondents argue that Petitioner seeks fees for hours billed for motions on which he did not prevail, for hours expended on non-compensable clerical or administrative tasks, and because some of the fees sought are excessive. ECF No. 29 at 6. The Court notes that Petitioner did not file a reply to Respondents' arguments that the requested hours are unreasonable. *See, e.g., Gurchiani v. Garland*, No. 23-9588, 2025 WL 46446, at *5 (10th Cir. Jan. 8, 2025)

(unpublished) (observing that "when a litigant fails to respond to the opposition's argument in his reply brief [that courts] treat any non-obvious responses he could have made as waived and assume the opposition's analysis is correct" (citation modified)). Regardless, after an independent review of the requested hours, the Court concludes that some of the hours should be reduced.

The Court will exclude the 3.3 hours spent on motions that were not necessary to achieve the result of a favorable ruling on the habeas petition. This includes the hours spent on the "Motion for Ruling" and Emergency Motion for Preliminary Injunction. *See, e.g., Morales Lopez*, 834 F. Supp. 3d at 1207 (D. Colo. 2026) (concluding that "those hours sought with respect to the first TRO Motion are not recoverable because that Motion had no way of advancing Morales Lopez's position in this habeas action" and that "the first TRO Motion was wholly unnecessary and, as a result, the 12 hours Morales Lopez's counsel spent pursuing it are not recoverable"); *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C. Cir. 2004) ("In awarding fees under the EAJA, however, we have a special responsibility to ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve the favorable result."). The Court finds no further reductions are warranted. Accordingly, the Court finds an award of $6,370.79 is appropriate. *See Fox v. Vice*, 563 U.S. 826, 838 (2011) ("[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.").

## CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Petitioner's Motion for Attorneys' Fees, ECF No. 28. Petitioner is hereby awarded $6,370.79 in fees. The award will be to Petitioner but delivered to Petitioner's counsel. Respondents shall file a status report on or before October 29, 2026, confirming such award has been paid.

DATED: October 15, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
Chief Judge, U.S. District Court